**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA HOLLOWAY,

Plaintiff-Appellant,

v.

CLACKAMAS RIVER WATER; et al.,

Defendants-Appellees.

No.   20-35888

D.C. No. 3:13-cv-01787-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted August 10, 2022[**]

Before:  WALLACE, D.W. NELSON, and FERNANDEZ, Circuit Judges.

Patricia Holloway, a former commissioner on the board of Clackamas River

Water, appeals from the district court's judgment dismissing with prejudice her

First Amendment retaliation claim brought under 42 U.S.C. § 1983 following

remand from our court.  We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Holloway's request for oral argument, contained in her Opening Brief, is denied.

the district court's dismissal of an action on statute of limitations grounds de novo. *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 886-87 (9th Cir. 2017). We affirm.

The law of the case doctrine does not require the district court to find the First Amendment retaliation claim timely because our court did not rule on the timeliness of that claim in Holloway's previous appeal. *See Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186 (9th Cir. 2001) ("The law of the case doctrine requires a district court to follow the appellate court's resolution of an issue of law in all subsequent proceedings in the same case," but "[t]he doctrine does not apply to issues not addressed by the appellate court"); *see also Holloway v. Clackamas River Water*, 739 F. App'x 868, 869-70 (9th Cir. 2018).

The district court properly found the First Amendment retaliation claim is barred by the statute of limitations because the claim accrued more than two years before Holloway amended the complaint to state the claim and add allegations related to it. *See* Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Soto v. Sweetman*, 882 F.3d 865, 871-72 (9th Cir. 2018) (reasoning that while state statutes of limitations apply to § 1983 actions, federal law governs when a claim accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)). It properly rejected Holloway's contention that the

claim relates back to the original complaint and therefore is timely because the original complaint made no reference to the conduct on which the claim is based. *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]").

To the extent that the statute of limitations defense was available to defendants and therefore should not have been omitted from their previous motions to dismiss, any error in the district court's decision to consider the issue was harmless. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318-19 (9th Cir. 2017) (reasoning that any error in the district court's decision to consider a defense that could have been raised in an earlier motion was harmless where defendants did not act with a "strategically abusive purpose," and failing to consider the defense would serve "no apparent purpose").

**AFFIRMED.**